■ GEORGE SCIVOLETTI et al., Appellants, v NEW YORK MERCANTILE EXCHANGE, INC., et al., Respondents, et al., Defendant. [832 NYS2d 34]—

Order, Supreme Court, New York County (Louis B. York, J.), entered January 10, 2006, which, to the extent appealed from, granted the motions and cross motions by defendants New York Mercantile Exchange, Cushman & Wakefield, A.J. Contracting Company and Space/Management Programs for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants' submissions presented a prima facie defense, thereby shifting the burden to plaintiffs. The opinion of plaintiffs' expert, that the decrease of the coefficient of friction between the tread of the step and its nose "impaired" safety, lacked sufficient probative force to constitute prima facie evidence that the steps in the pit were not reasonably safe for their intended use, or that a design defect existed (*Jones v City of New York*, 32 AD3d 706 [2006]; *Geddes v Crown Equip. Corp.*, 273 AD2d 904 [2000]).

The expert had no experience in the design of trading pits, had no knowledge of the injured plaintiff's position and movement at the time of the accident, used a leather sole (rather than rubber, which the injured plaintiff had been wearing) in performing his tests, and presented no foundational facts, such as deviation from industry standards or statistics showing the frequency of injuries caused by the alleged decrease in the coefficient of friction between the tread and the nose (*id.*; *see also Fallon v Hannay & Son*, 153 AD2d 95, 101-102 [1989]). Indeed, while the expert claimed that the decrease in the coefficient of friction from the tread to the nose impaired safety, he did not opine that the stairs were unsafe or dangerous, that it was improper to design the steps for a trading pit in that manner, or that the coefficient of friction for either the tread or the nose was inadequate. He did admit that the treads were intact, secure underfoot and devoid of any surface defect or impediments. "Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation" (*Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]).

We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.