■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW LACKS, Appellant. [881 NYS2d 359]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Patricia Nunez, J.), rendered on or about May 6, 2008, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.

■ BARBARA GOLDFISCHER et al., Appellants, v THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Respondents. [880 NYS2d 485]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 17, 2008, which, in a personal injury action for plaintiff's trip and fall in a supermarket owned and managed by defendants, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In opposition to defendants' prima facie showing that plaintiff failed to identify the cause of her fall, plaintiff failed to raise a triable issue of fact. Unaware of what caused her fall, she merely surmised that it was caused by the bump in the rubber floor mat that she observed for the first time after she fell. Coplaintiff husband testified that he did not observe what seemed to be a crease in the mat until after his wife fell, and could not identify where the crease was on the mat or whether it was higher than one inch or "accurately describe it that specifically." The failure to identify the condition that caused plaintiff's fall is fatal to plaintiffs' claim (*see Kwitny v Westchester Towers Owners Corp.*, 47 AD3d 495, 495-496 [2008]; *Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 109-111 [2006]). Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.