(December 15, 2015)

■ HECTOR TAVERAS, Appellant, v 1149 WEBSTER REALTY CORP. et al., Respondents. [23 NYS3d 162]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 23, 2014, which, insofar as appealed from as

limited by the briefs, sua sponte dismissed the complaint as against defendant 1149 Webster Realty Corp. (Webster) and granted the motion of defendant A & K Convenience Store, Inc. (A & K) for summary judgment dismissing the complaint as against it, reversed, on the law, without costs, the sua sponte dismissal of the complaint as against Webster vacated, and defendants' motions for summary judgment denied.

Plaintiff Hector Taveras commenced this action to recover damages for personal injuries he sustained on May 30, 2010 while exiting a convenience store located at 349 East 167th Street, in the Bronx. Plaintiff alleges in his bill of particulars that he "was caused to fall as a result of a dangerous and defective condition on the ramp leading from the public sidewalk to the entranceway of the" convenience store. The premises was owned by defendant Webster and leased to defendant A & K.

"In a summary judgment motion, the movant must make a prima facie showing of entitlement to judgment as a matter of law before the burden shifts to the party opposing the motion to establish the existence of a material issue of fact" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to the conclusions of the dissent, we find that defendants in this case failed to meet their initial burden of establishing, prima facie, their entitlement to judgment as a matter of law by asserting that plaintiff could not identify the defect that caused him to fall. In fact, plaintiff, who testified at his depositions through a Spanish interpreter, testified at his first deposition that upon exiting the convenience store he "stepped like on a hole," and that he "stepped on something" on the defective ramp which caused his ankle to twist and him to fall to the ground. He further testified at that deposition that "[w]hen [he] stepped, it was that [he] felt like something—that something was not right underneath," "[l]ike [he] stepped on something not solid." That plaintiff could not initially identify the location of his accident, based upon photographs he was shown at his first deposition that depicted only the bottom portion of a door with no other identifying features, is hardly surprising and not dispositive. Upon being shown, at his second deposition, additional photographs depicting the full entrance area and front of the convenience store, plaintiff was able to definitively identify and mark with an "X" the area on the ramp which was "not leveled" and caused him to fall (*see e.g. Figueroa v City of New York*, 126 AD3d 438, 440 [1st Dept 2015] [testimony not speculative when plaintiff could not pinpoint the exact location of her fall in photographs and later clarified

upon further questioning]). Plaintiff's testimony distinguishes this case from the cases cited by the dissent where this Court determined that defendants had sustained their burden of establishing their entitlement to summary judgment as a matter of law because a jury would have to engage in "impermissible speculation to determine the cause of the accident" (*Smith v City of New York*, 91 AD3d 456, 456-457 [1st Dept 2012], *lv denied* 21 NY3d 858 [2013] [plaintiff testified at her deposition that she had "no idea" how she tripped and fell and she could not identify or mark on photographs the specific rise, declivity or defective condition that caused her accident]; *see also Morrissey v New York City Tr. Auth.*, 100 AD3d 464, 464 [1st Dept 2012]).

A & K's argument that it owed no duty to plaintiff, is unavailing. As an operator of a place of public assembly, A & K is charged with providing its customers with a safe means of ingress and egress (*see Peralta v Henriquez*, 100 NY2d 139, 143 [2003]; *Masillo v On Stage, Ltd.*, 83 AD3d 74, 79 [1st Dept 2011]).

Furthermore, this Court cannot grant A & K, a nonappealing party, affirmative relief with respect to its cross claim against Webster for common-law indemnification, a ground unrelated to those at issue on appeal (*see Hecht v City of New York*, 60 NY2d 57, 60 [1983]). Concur—Acosta, Moskowitz and Kapnick, JJ.

Tom, J.P., and Andrias, J., dissent in a memorandum by Andrias, J., as follows: The majority reverses the dismissal of the complaint against defendants A & K Convenience Store, Inc. (A & K) and 1149 Webster Realty Corp. (Webster). Because I disagree with the majority's conclusion that defendants failed to meet their initial burden of establishing, prima facie, their entitlement to judgment as a matter of law, and because plaintiff failed to raise a triable issue of fact, I respectfully dissent.

Plaintiff alleges that he was injured when, while exiting A & K's convenience store, he twisted his ankle and fell as the result of a "dangerous and defective condition" on the ramp that led from the sidewalk to the entrance of the store. Webster owned the premises and A & K leased it.

Defendants satisfied their burden by submitting plaintiff's deposition testimony establishing that he was unable to identify the cause of his fall without speculation (*see Morrissey v New York City Tr. Auth.*, 100 AD3d 464, 464 [1st Dept 2012]; *Smith v City of New York*, 91 AD3d 456, 456-457 [1st Dept 2012], *lv denied* 21 NY3d 858 [2013]; *Ash v City of New York*, 109 AD3d 854 [2d Dept 2013]).

Plaintiff testified that he had no problems entering or exiting the store on two prior occasions, had made no complaints about the ramp, and did not know whether anyone else had complained about it. While plaintiff stated that he "stepped like on a hole" and that he "stepped [on] something that was not fine to set down the foot," like something that was "not solid" or "correct," he conceded that he never saw what caused him to twist his ankle or trip either before or after the accident and that he "didn't see what [he] was stepping on." While plaintiff "suppose[d]" that it was the ramp that caused his fall, when asked "what about the ramp, other than supposing, makes you believe the ramp was involved in the accident," he responded, "There wasn't anything else." When asked what led him to believe that the floor was not solid, plaintiff responded, "Because I fell." Thus, defendants established prima facie that plaintiff could only speculate as to the cause of his accident (*Acunia v New York City Dept. of Educ.*, 68 AD3d 631, 631-632 [1st Dept 2009] ["Although a plaintiff bears no burden to identify precisely what caused his slip and fall, mere speculation about causation is inadequate to sustain the cause of action"]; *Rodriguez v Cafaro*, 17 AD3d 658, 658 [2d Dept 2005] ["While the plaintiff testified at his deposition that the second step on the stairway was 'chipped' and that the handrail was 'loose,' a determination that these alleged defects, rather than a misstep or loss of balance, were [the] proximate cause of the plaintiff's accident would be based on sheer speculation" [internal quotation marks omitted] [alteration in original]).

In opposition, plaintiff, whose description of his fall changed at his second deposition from that he "stepped on something that was not solid" or that was "like . . . a hole" to he "stepped on something that felt unleveled and irregular," failed to raise a triable issue of fact whether defendants' negligence was a proximate cause of his fall (*see Thompson v Commack Multiplex Cinemas*, 83 AD3d 929 [2d Dept 2011]; *Goldfischer v Great Atl. & Pac. Tea Co., Inc.*, 63 AD3d 575 [1st Dept 2009]). Plaintiff testified at his depositions that he saw no garbage, debris, holes, cracks, fractures, defects, or liquid on the ramp either before or after the fall and his submissions in opposition to the motion did not demonstrate the existence of any defect or connect it to his fall by anything other than speculation.

Plaintiff's new theory, raised for the first time on appeal, that the accident was the result of "optical confusion" should not be considered (*see Davila v City of New York*, 95 AD3d 560, 561 [1st Dept 2012]). In any event, this theory is insufficient to create a triable issue of fact, as plaintiff testified that he was

looking straight ahead and did not pay attention to the ramp (*see Franchini v American Legion Post*, 107 AD3d 432, 432 [1st Dept 2013]).

Accordingly, I would affirm the order dismissing the complaint.