Order, Supreme Court, New York County (Robert D. Kalish, J.), entered September 14, 2016, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
 

 Defendants established prima facie that they cannot be held liable for the injuries that plaintiff allegedly sustained while participating as a volunteer in the Macy’s Thanksgiving Day parade, by submitting a copy of a portion of plaintiffs electronic application to be a participant that contained a release from liability showing her name typed at the bottom and a check mark in the box indicating her agreement to the terms of the release.
 

 Plaintiff’s affidavit in opposition, at most, created only a feigned issue of fact since it contained a version of the facts that conflicted with her earlier deposition testimony (see e.g. Estate of Mirjani v DeVito, 135 AD3d 616 [1st Dept 2016]). Plaintiff unpersuasively argues that the release does not apply because defendant Stanton, whose vehicle struck plaintiff, was not an employee of Macy’s. As a volunteer in the parade, Stanton was an agent of Macy’s and covered by the release (see e.g. Art Fin. Partners, LLC v Christie’s Inc., 58 AD3d 469, 471 [1st Dept 2009] [a principal-agent relationship may be established by evidence of the “consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act” even where the agent is acting as a volunteer (internal quotations and citations omitted)]).
 

 We have considered plaintiff’s remaining arguments and find them unavailing.
 

 Concur — Richter, J.P., Webber, Kern and Moulton, JJ.