Canzoneri v City of New York (2021 NY Slip Op 02594)





Canzoneri v City of New York


2021 NY Slip Op 02594


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 114128/09 Appeal No. 13720 Case No. 2020-01127 

[*1]Robert Canzoneri, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.
Dart Mechanical Corp., Third-Party Plaintiff-Respondent,
v
Advanced Automatic Sprinkler Company Inc., Third-Party Defendant-Respondent. [And a Second Third-Party Action.]


Hach & Rose, LLP, New York (Michael A. Rose of counsel), for appellant.
Keller, O'Reilly & Watson, P.C., Woodbury (Patrick J. Engle of counsel), for The City of New York and New York City Department of Sanitation, respondents.
Nicoletti Hornig & Sweeney, New York (James E. Morris of counsel), for A&F Fire Protection Co., Inc., and Advanced Automatic Sprinkler Company, Inc., respondents.
Koster, Brady & Nagler, LLP, New York (William H. Gagas of counsel), for Tully Construction Co., Inc., respondent.
Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for Dart Mechanical Corp., respondent.



Appeal from order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 31, 2019, which, to the extent appealed from, granted those branches of defendant/third-party plaintiff Dart Mechnical Corp.'s, defendant/second third-party plaintiff Tully Construction Co. Inc.'s (Tully), second third-party defendant Bovis Lend Lease, LMB, Inc.'s (Bovis), and defendants City of New York and New York City Department of Sanitation's separate motions, and that branch of defendant A&F Fire Protection Co., Inc.'s and third-party defendant Advanced Automatic Sprinkler Company Inc.'s (collectively, defendants) cross motion, for summary judgment dismissing the complaint, deemed an appeal from the judgment, same court and Justice, entered December 3, 2019, as amended February 18, 2020 (CPLR 5501[c], 5520[c]), dismissing the complaint, and, as so considered, said judgment unanimously reversed, on the law, without costs, the judgment vacated, and the motions and cross motion denied, and the matter remanded to Supreme Court to determine the issues that were raised but left unaddressed by Supreme Court in its order.
"It is well settled that a defendant is entitled to summary judgment . . . when a plaintiff provides testimony that he or she is unable to identify the defect that caused his or her injury" (Siegel v City of New York, 86 AD3d 452, 454 [1st Dept 2011]; see Ash v City of New York, 109 AD3d 854, 855 [2d Dept 2013]; see also Taveras v 1149 Webster Realty Corp., 134 AD3d 495, 496 [1st Dept 2015], affd 28 NY3d 958 [2016]). However, "[a] plaintiff's inability to testify exactly as to how an accident occurred does not require dismissal where negligence and causation can be established with circumstantial evidence" (Patrikis v Arniotis, 129 AD3d 928, 930 [2d Dept 2015]). Here, plaintiff's testimony, in context, is that he fell because he stepped on debris strewn about the area of his accident, which is corroborated by the C-3 workers' compensation claim form that he completed shortly after the accident as well as Tully's and Bovis's incident reports. A coworker also testified that a photograph depicting the location of plaintiff's accident showed garbage and debris "[e]verywhere." Thus, it is not "just as likely" in this case that plaintiff's accident was "caused by some other factor, such as a misstep or loss of balance," nor would any verdict in plaintiff's favor on causation be based "upon sheer speculation" (Scivoletti v New York Mercantile Exch., Inc., 38 AD3d 326, 327 [1st Dept 2007] [citation and internal quotation marks omitted], lv denied 9 NY3d 802 [2007]; see Ash, 109 AD3d at 855). Supreme Court therefore should have denied defendants' motions and cross motion for summary judgment dismissing the complaint (see Caudill v Rochester Inst. of Tech., 125 AD3d 1392, 1394 [4th Dept 2015]; Baker v International Paper Co., 226 AD2d 1007, 1007-1008 [3d Dept 1996]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: April 29, 2021