Donkor v First Ghana Seventh-Day Adventist Church (2021 NY Slip Op 05625)





Donkor v First Ghana Seventh-Day Adventist Church


2021 NY Slip Op 05625


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 23694/17E Appeal No. 14391 Case No. 2021-01548 

[*1]Alexander Donkor, Plaintiff-Appellant,
v
First Ghana Seventh-Day Adventist Church et al., Defendants-Respondents.


Law Offices of John P. Grill, P.C., Carmel (John P. Grill of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for respondents.



Order, Supreme Court, Bronx County (Adrian N. Armstrong, J.), entered May 3, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established their entitlement to judgment as a matter of law in this action where plaintiff was injured when he slipped and fell while descending a staircase inside of defendants' church. Defendants presented deposition testimony from their secretary that defendants did not have any prior complaints about the condition of the staircase, and from plaintiff, who testified that he had never complained to anyone about the alleged defective staircase. This satisfied defendants' prima facie burden that they did not create or have notice of an unsafe condition on the staircase (see Navarro v H. Heiden, LLC, 115 AD3d 564 [1st Dept 2014]; Cruz v Montefiore Med. Ctr., 45 AD3d 355 [1st Dept 2007]).
In opposition, plaintiff failed to raise an issue of fact. His expert's opinion that the cause of plaintiff's fall was worn carpeting on the staircase is speculative, because plaintiff was unable to identify the part of the carpet on which his foot slipped (see Wong v 15 Monroe Realty Inc., 194 AD3d 534 [1st Dept 2021]; Goldfischer v Great Atl. & Pac. Tea Co., Inc., 63 AD3d 575 [1st Dept 2009]). Plaintiff's assertion, made for the first time in his affidavit opposing summary judgment, that his toe caught on bunched up carpet, contradicts his prior deposition testimony that he did not see what caused him to fall (see O'Connell v Macy's Corporate Servs., Inc., 154 AD3d 628, 629 [1st Dept 2017]). Moreover, the provisions of the Administrative Code of the City of New York relied upon by plaintiff's expert were inapplicable, as these were not "interior stairs" as defined in the Code.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021