Braendgaard v KSSNY Inc. (2021 NY Slip Op 05665)





Braendgaard v KSSNY Inc.


2021 NY Slip Op 05665


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Index No. 154473/17 Appeal No. 14410 Case No. 2020-03735 

[*1]Nete Braendgaard, Plaintiff-Respondent,
v
KSSNY Inc., et al., Defendants-Appellants.


Cartafalsa, Turpin & Lenoff, New York (Anthony Orcel of counsel), for appellants.
Porzio, Bromberg & Newman, P.C., New York (William A. Krais of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about August 27, 2020, which denied defendants KSSNY Inc., Accor North America Inc., Accor Business and Leisure North America, LLC, and Accor Business and Leisure Management LLC's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants failed to establish prima facie that there are no triable issues of fact regarding whether they had constructive notice of a wet floor in the lobby of their hotel due to tracked-in snow or water (see generally Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 420-421 [1st Dept 2011]). Their submissions fail to show that there were no accumulations of snow or water outside the hotel that could be tracked into the lobby (cf. Massey v Newburgh W. Realty, Inc., 84 AD3d 564, 567 [1st Dept 2011]). Construing the evidence in the light most favorable to plaintiff, who testified that such accumulations existed, defendants also failed to show that they exercised reasonable care to neutralize the recurring dangerous condition, of which they had notice, by, for example, putting down mats or warning signs (see Brown v Phillbert, 188 AD3d 559 [1st Dept 2020]; Santiago v JP Morgan Chase & Co., 96 AD3d 642, 644 [1st Dept 2012]; Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 464 [1st Dept 2009]). It is undisputed that mats and warning signs had not been placed on the lobby floor before plaintiff fell.
Contrary to defendants' argument, plaintiff testified consistently that she slipped and fell on snow, ice, or water that either she tracked in or someone else had tracked in previously (see generally Canzoneri v City of New York, 193 AD3d 637, 638 [1st Dept 2021]; compare e.g. Keum Choi v Olympia & York Water St. Co., 278 AD2d 106, 106-107 [1st Dept 2000], with e.g. Signorelli v Great Atl. & Pac. Tea Co., Inc., 70 AD3d 439, 440 [1st Dept 2010]).
In view of the foregoing, we need not evaluate the sufficiency of plaintiff's opposition (see Pullman v Silverman, 28 NY3d 1060, 1062 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021