Castellanos v 57-115 Assoc., L.P. (2022 NY Slip Op 06990)

Castellanos v 57-115 Assoc., L.P.

2022 NY Slip Op 06990

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 158934/15 Appeal No. 16819 Case No. 2021-02858 

[*1]George Castellanos et al., Plaintiffs-Respondents,
v
57-115 Associates, L.P., Defendant-Appellant.

Morris Duffy Alonso Faley & Pitcoff, New York (Robert S. Whitbeck and Andrea M. Alonso of counsel), for appellant.
Law Offices of Peter D. Baron, PLLC, Melville (Peter D. Baron of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about July 12, 2021, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff George Castellanos slipped and fell on a wet step while conducting an inspection at defendant's building. Plaintiff and his associates walked through the 12th floor penthouse space of the building, through a metal door, onto the setback roof, which was 13 ½ inches higher than the 12th floor and covered with gravel, to inspect the HVAC system on the roof. As plaintiff returned inside, he slipped and fell on the 13 ½-inch-high wet metal step going from the roof to the 12th floor.
Supreme Court correctly found that defendant failed to make a prima facie showing of entitlement to summary judgment. Even if plaintiff did not see water on the step where he fell, liability may be established through circumstantial evidence (see Canzoneri v City of New York, 193 AD3d 637, 638 [1st Dept 2021]). Plaintiff's testimony demonstrated that a wet condition, and the height differential, caused him to fall as he stepped down from the setback roof to the 12th floor vinyl tile. Defendant knew or should have known that approximately 20 individuals were inspecting the 12th floor and setback roof that day, and that it had recently snowed and that the gravel would be wet. Thus, a jury could find that defendant should have taken precautions to keep the wet condition from being tracked in from the setback roof onto the metal step leading to the 12th floor. Defendant was not absolved from its duty to keep the premises in a safe condition (see Garcia v New York City Tr. Auth., 269 AD2d 142, 142-143 [1st Dept 2000]). Moreover, defendant did not offer evidence as to when the area was last inspected or cleaned, and where, as here, a defendant knows or should have known that the activities of others are likely to track water into a specific area, the failure to take preventative measures may give rise to a negligence claim (see Banks v Doe, 251 AD2d 83, 83 [1st Dept 1998]).
Given defendant's failure to meet their initial burden, this Court need not consider the sufficiency of plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In any event, the parties' conflicting expert opinions as to the application of the New York City Building Code raise an issue of fact as to whether it was violated (see Tate v Clancy-Cullen Stor. Co., 171 AD2d 292, 296 [1st Dept 1991]).
Contrary to defendant's contention, issues of fact are raised whether the Building Code alleged violations of a height differential between the setback roof access door frame and the 12th floor, along with the step's wet condition, were a proximate cause of plaintiff's fall.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.[*2]
ENTERED: December 8, 2022