Geranimo v Hanoz Realty, LTD (2023 NY Slip Op 06202)

Geranimo v Hanoz Realty, LTD

2023 NY Slip Op 06202

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 26176/18 Appeal No. 1138 Case No. 2023-00134 

[*1]Tineo Geranimo, Plaintiff-Respondent,
v
Hanoz Realty, LTD, Defendant-Appellant, Adam Realty Holdings Corp., Defendant.

Kaufman Dolowich & Voluck, LLP, White Plains (Thomas G. Connolly of counsel), for appellant.
Michael J. Aviles & Associates, New York (Natascia Ayers of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered November 17, 2022, which denied defendant Hanoz Realty Ltd.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff slipped and fell on an interior staircase of the subject building while descending the stairs from the second floor to the first floor after making a food delivery. Defendant failed to establish prima facie that there are no triable issues of fact regarding whether it created or had actual or constructive notice of the wet condition on the staircase which caused plaintiff to slip due to tracked-in snow or water (see Braendgaard v KSSNY Inc., 198 AD3d 508, 508 [1st Dept 2021]; see generally Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 420—421 [1st Dept 2011]). The live-in superintendent testified that when it snowed, he cleaned the snow from in front of the building by putting it into mounds or piles adjacent to the courtyard walkway and the building. According to another resident in the building, the cause of the water on the steps was clearly from people tracking in melted snow from the outside, which had been an ongoing problem since the superintendent piled snow next to the walkway. Defendant also did not offer any specific evidence showing that cleaning routines were followed on the day of the accident to prevent the accumulation of tracked-in water on the stairs (see Bonilla v 191 Realty Assoc., L.P., 125 AD3d 470 [1st Dept 2015]; Quintana v TCR, Tennis Club of Riverdale, Inc., 118 AD3d 455, 456 [1st Dept 2014]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023