| |
|---|
| **Severinghaus v City of New York** |
| 2024 NY Slip Op 30473(U) |
| February 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161545/2018 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. HASA A. KINGO** | PART 05M |
| | *Justice* | |

----------------------------------------------------------------------------X

DORIS SEVERINGHAUS,

                    Plaintiff,

              - v -

CITY OF NEW YORK, 249 CENTRAL PARK WEST
LLC,STEEL SYSTEMS, LLC,TUFCO, INC.,ALLIANCE
CONTRACTING GROUP OF NY, INC.

                    Defendant.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161545/2018 |
| MOTION DATE | 11/16/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 152

were read on this motion for                  SUMMARY JUDGMENT       .

Plaintiff Doris Severinghaus ("plaintiff") moves, pursuant to CPLR § 3212, for summary judgment against Defendant 249 Central Park West LLC (hereinafter, "defendant") on the issues of notice, duty, and liability.

Plaintiff alleges that plaintiff was injured when she tripped on a dangerous, hazardous, and defective sidewalk condition on October 24, 2017, at the southwest corner of Central Park West and West 85th Street, New York, New York also known as 249 Central Park West, New York, New York (the "subject sidewalk"). Pursuant to a decision dated October 26, 2021, this court found that "photos of the subject sidewalk captured by Google Maps from as early as August 2009 clearly depict[] the alleged defective condition" (*see* NYSCEF Docket Entry No. 72). The court's decision was affirmed on appeal by the Appellate Division, First Department (*see Severinghaus v. TUFCO, Inc.*, 208 AD3d 1119 [1st Dept 2022]).

In support of the instant motion, plaintiff argues that defendant has been the owner of the property located at 249 Central Park West, New York, New York since October 8, 2013. As such, plaintiff avers that there are no factual issues for a jury to resolve on the issues of notice, duty, and liability. As such, plaintiff submits that plaintiff should be granted summary judgment on those issues as against defendant.

## DISCUSSION

On a summary judgment motion, the court must view all evidence in a light most favorable to the non-moving party (*Rodriguez v Parkchester South Condominium Inc.*, 178 AD2d 231 [1st Dept 1991]). The moving party must show that as a matter of law it is entitled to judgment (*Alvarez*

**161545/2018   SEVERINGHAUS, DORIS vs. CITY OF NEW YORK**
**Motion No.  003**

Page 1 of 4

1 of 4

[* 1]

*v Prospect Hosp*., 68 NY2d 320 324 [1986]). The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v New York Univ. Med. Cir*., 64 NY2d 851 [1985]). After the moving party has demonstrated its prima facie entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring atrial (*Zuckerman v City of New York*, 49 NY2d 557 [1980]).

For a property owner to be liable to an injured plaintiff as a result of an incident on their premises, the plaintiff must establish that a dangerous or defective condition existed at the time of the injury and that the property owner either created the condition or had actual or constructive notice of the alleged dangerous or defective condition and had time to remedy it (*Piacquadio v Recine Realty Corp*., 84 NY2d 967, 969 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-38 [1986]; *Zuk v Great Atlantic & Pacific Tea Co., Inc*., 21 AD3d 275 [1st Dept 2005]; *Mejia v New York City Transit Auth*., 291 AD2d 225, 226 [1st Dept 2002]; *Leo v Mt. St. Michael Academy*, 272 AD2d 145, 146 [1st Dept 2000]).

"Administrative Code § 7-210 imposes a non-delegable duty on the owner of the abutting premises to maintain and repair the sidewalk" (*Collado v. Cruz*, 81 AD3d 542, 542 [1st Dept 2011]). Despite the enactment of § 7-210, the City nevertheless remains responsible to maintain certain sidewalks such as those abutting "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (New York City Administrative Code § 7-210[c]v). However, summary judgment is appropriate as a matter of law where the premises are "owned by a corporate entity, and thus [is] not owner occupied" (*Gordy v. City of N.Y*., 67 AD3d 523, 523 [1st Dept 2009]). Here, it is undisputed that the subject premises are owned by defendant, a corporate entity, and therefore is not owner-occupied as a matter of law. As such, defendant had a non-delegable duty under Administrative Code § 7-210.

As to the issue of notice, as previously articulated, this court issued a decision finding that "photos of the subject sidewalk captured by Google Maps from as early as August 2009 clearly depict[] the alleged defective condition." While this, alone, is insufficient, it is notable that the defect at issue existed since August 2009 and defendant has owned the abutting property since October 8, 2013. As such, plaintiff has established that defendant unquestionably had a sufficient length of time, specifically four years and sixteen days, prior to the accident to permit defendant to discover and remedy the defect. Thus, defendant had constructive notice of the alleged defective condition as a matter of law, and plaintiff has therefore sustained plaintiff's initial burden.

Finally, as to the issue of liability it is notable that during the 50-h hearing, plaintiff adeptly pinpointed the location of the alleged defect—a segment of the south side sidewalk situated at the convergence of Central Park West and 85th Street in New York, New York, as reiterated during her deposition (Severinghaus Dep. at pp. 16:8-13, 21:9-14, & 24:9-15). Furthermore, plaintiff identified the nature of the imperfection that precipitated her trip and subsequent fall. She specifically attributed her mishap to an uneven portion of the sidewalk, conspicuously raised one to two inches (Severinghaus Dep. at pp. 26:10-16, 30:2-18). To fortify her assertions, plaintiff personally inspected the accident site, conclusively identifying and measuring the defect several

days post-incident (Severinghaus Dep. at pp. 27:20 – 28:2). During her deposition, plaintiff exhibited acumen by recognizing and describing the defect that caused her fall in photographs, notwithstanding her lack of recollection of having previously encountered said images (Severinghaus Dep. at pp. 37:17 – 40:6, 42:17 – 43:10, & 45:15-20).

Even in the hypothetical scenario where plaintiff had not unequivocally and specifically identified the defect in question—precedent dictates that negligence and causation may still be substantiated through circumstantial evidence. It is well-established that a plaintiff's inability to provide a detailed account of an accident does not warrant dismissal, as elucidated in *Canzoneri v. City of New York*, 193 AD3d 637, 638 (1st Dept 2021).

Opposing plaintiff's motion, defendant points to a significant gap in the plaintiff's account. Indeed, defendant highlights that during her court-ordered deposition, plaintiff admitted to a lack of knowledge regarding the specific circumstances of her fall. To be sure, defendant avers that she was unable to identify where or what her foot came into contact with, (Severinghaus Dep. at pp. 40: 7-12, 41: 4-9, 43: 11-17).

Plaintiff's reliance on a marked photograph, submitted with her Notice of Claim, adds complexity to her case. Despite presenting this visual exhibit, plaintiff admitted to a lack of awareness about who circled the photograph and why (Severinghaus Dep. at pp. 45: 6-14). Additionally, plaintiff remained unaware of the details of her foot's interaction with the photographed area (Severinghaus Dep. at pp. 46: 9-14).

Examining the evidence, defendant argues that, at the very least, a genuine issue of fact arises as to whether plaintiff identified an actionable defect. Defendant questions the efficacy of the plaintiff's proof, particularly a court order from October 26, 2021, noting an "alleged[ly] defective condition." Defendant correctly underscores that this order does not conclusively affirm plaintiff's identification of a concrete defect. However, along with the unrebutted evidence that the defect at issue existed since August 2009 and that defendant has owned the abutting property since October 8, 2013, it does establish that defendant had notice.

Notwithstanding, nearly a year after the court order, plaintiff's deposition testimony further complicates the matter as to the issue of liability. Her admission of ignorance regarding the specific location and nature of the alleged defect, coupled with her lack of knowledge about the circled photograph, raises a legitimate issue of fact. This revelation, post-dating the court order, forms the core of defendant's argument against the plaintiff's motion.

In conclusion, considering the evidence in the light most favorable to defendant, defendant contends that the plaintiff's failure to identify an actionable defect is a substantive deficiency fatal to her claim. Likewise, defendant submits that plaintiff's reliance on hearsay from an unwitnessed occurrence falls short of satisfying the burden of identifying a concrete defect. Defendant therefore argues that the plaintiff's motion, shrouded in uncertainty and speculation, warrants denial. The court agrees as it relates to the issue of liability, and finds that defendant's contentions raise sufficient issues of fact as to liability to defeat the motion for summary judgment on that ground.

161545/2018   SEVERINGHAUS, DORIS vs. CITY OF NEW YORK
Motion No.  003

Page 3 of 4

3 of 4

Notwithstanding, in asserting that the property is at issue is "partially owner-occupied," defendant relies solely on its answer, which was verified by its attorney. While a complaint can be verified by either the party or counsel, under CPLR § 3020(d)(3), when verified by counsel and lacking personal knowledge of the facts, the pleading is deemed insufficient for evidentiary purposes. This principle is supported by legal precedents such as *McKenna v. Solomon*, 255 A.D.2d 496, 496-97 (2d Dept 1998) and *Peterson v. Scandurra Trucking Co.*, 226 A.D.2d 691, 692 (2d Dept 1996), which establish that an attorney's affirmation lacking evidentiary facts from someone with personal knowledge is inadequate to substantiate the merits of a claim (*Zuckerman v. City of New York*, 49 N.Y.2d 557, 563 [1980]).

Furthermore, the affidavit by Carmine Tufano, claiming that the property is now a one-family residence, fails to specify the occupants, rendering it immaterial to the matter at hand.

Consequently, defendant has not successfully refuted, as a matter of law, this Department's precedent stating that a premises is not owner-occupied when owned by a corporate entity. Summary judgment is warranted on that issue, aligning with the rationale in *Gordy v. City of N.Y.*, 67 A.D.3d 523, 523 (1st Dept 2009), where it was established that summary judgment is appropriate as a matter of law when the premises are "owned by a corporate entity, and thus [is] not owner-occupied."

Likewise, defendant has not refuted the aforementioned assertions as to notice.

Accordingly, it is hereby

ORDRED that plaintiff's motion for summary judgment is granted to the extent that this court finds that defendant had a non-delegable duty under Administrative Code § 7-210; and it is further

ORDERED that plaintiff's motion for summary judgment is granted to the extent that this court finds that defendant had constructive notice of the alleged defective condition as a matter of law; and it is further

ORDERED that plaintiff's motion for summary judgment on the issue of liability is denied, as defendant has raised sufficient issues of fact to rebut plaintiff's prima facie showing.

This constitutes the decision and order of the court.

| | |
|---|---|
| **2/13/2024** | |
| DATE | HASA A. KINGO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

161545/2018   SEVERINGHAUS, DORIS vs. CITY OF NEW YORK
Motion No.  003

Page 4 of 4

[* 4]