## Rock v 2701 Broadway Realty LLC

2024 NY Slip Op 32372(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No. 153831/2019

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO               PART          33M

                    *Justice*

-------------------------------------------------------------------X

MICHELLE ROCK,

                               Plaintiff,

                    - v -

2701 BROADWAY REALTY LLC,IMAMURA, INC.

                         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153831/2019 |
| MOTION DATE | 06/22/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 103, 104

were read on this motion to/for              JUDGMENT - SUMMARY       .

Upon the foregoing documents, and after oral argument, which took place on April 23, 2024, where Steven Rubin, Esq. appeared for Plaintiff Michelle Rock's ("Plaintiff") and Constantine Vlavianos, Esq. appeared for Defendants 2701 Broadway Realty LLC and Imamura, Inc. ("Defendants") Plaintiff's motion for summary judgment as to liability against Defendants is denied.

This is an action for personal injuries allegedly sustained by Plaintiff on December 6th, 2018, at 2707 Broadway, New York, New York ("the Premises") (*see generally* NYSCEF Doc. 1). A Japanese restaurant called Sun Chan was operated at the Premises. Plaintiff testified she had been to Sun Chan approximately five times prior to her accident and never encountered any prior difficulties or hazards in entering the restaurant (NYSCEF Doc. 70 at 33-34). As she was exiting the restaurant, she fell on a step that led from a vestibule area to the sidewalk (*id.* at 36-37). She said her left foot caught the damaged top of the step and she lost her footing (*id.* at 40). There was

[* 1]

a mat directly beneath the step at the top of the sidewalk which Plaintiff says contributed to her fall (*id.*).

Plaintiff produced an expert report authored by Scott M. Silberman, P.E (NYSCEF Doc. 79). Mr. Silberman analyzed photos taken from Google Street View which indicates the chipped step had been present for at least 4.5 years. Mr. Silberman states that the combination of the step and mat caused Plaintiff's fall. Mr. Silberman further states that handrails should have been provided. Defendants produced a report and affidavit from their expert, Jeffrey M. Laux, P.E (NYSCEF Docs. 92-93). Mr. Laux disagreed with Mr. Silberman's analysis and argues that the numerous codes which Mr. Silberman relies on are inapplicable to the Premises. He also argues that Mr. Silberman's opinion regarding whether the chipped step is a hazard is without basis he did not provide any verifiable measurements of the alleged hazard.

Plaintiff now moves for summary judgment. Plaintiff argues the chipped stair constitutes a hazard and that Defendants had actual and constructive notice of the hazard. In opposition, Defendants argue the conflicting expert affidavits of Mr. Laux and Mr. Silberman raise issues of fact. Defendants further argue that Mr. Silberman's report is speculative as he did not personally measure or provide verifiable measurements regarding the alleged hazard.

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact

[* 2]

which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]).

Here, viewing the facts in the light most favorable to the non-movants, the Court finds there are triable issues of fact which preclude granting summary judgment. The credibility and accuracy of the parties' respective expert reports is hotly contested. There are disputes as to which building codes apply, whether reports are speculative based on failure to utilize verifiable measurements, and whether certain conditions even constitute hazardous conditions. The First Department has repeatedly held that these "conflicting expert affidavits raise issues of fact and credibility that cannot be resolved on a motion for summary judgment" (*Carter v HP Lafayette Boynton Hous. Dev. Fund Co., Inc.*, 210 AD3d 580, 581 [1st Dept 2022] citing *Bradley v Soundview Healthcenter,* 4 AD3d 194, 194 [1st Dept 2004]; *see also Bossert v New York University Langone Medical Center- Tisch Hospital*, 213 AD3d 547, 548 [1st Dept 2023]; *Castellanos v 57-115 Associates, L.P.*, 211 AD3d 459 [1st Dept 2022]). Therefore, Plaintiff's motion for summary judgment is denied.

*[The remainder of this page is intentionally left blank.]*

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment is denied; and it is further

ORDERED that within ten days of entry counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/11/2024 | | | | *May V h.. dr JSC* | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |