Johnson v AMF Bowling Ctrs., Inc.

2026 NY Slip Op 02452

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lisa Johnson, Plaintiff-Appellant,

v

AMF Bowling Centers, Inc., et al., Defendants-Respondents.

Decided and Entered: April 23, 2026

Index No. 450921/19|Appeal No. 6449|Case No. 2024-03539|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Scott Gillman, New York, for appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Guy Des Rosiers of counsel), for respondents.

[*1]

Appeal from order, Supreme Court, New York County (Eric Schumacher, J.), entered April 30, 2024, which granted defendants' motion for summary judgment dismissing the complaint, deemed an appeal from the judgment, same court and Justice, entered June 5, 2024, dismissing the complaint, and the judgment unanimously affirmed, without costs.

This personal injury action stems from plaintiff's slip-and-fall at defendants' bowling alley. Initially, defendants' argument that plaintiff's appeal from the order granting their motion for summary judgment dismissing the complaint must be dismissed because her right of direct appeal therefrom terminated with the entry of judgment in favor of defendants is without merit. CPLR 5501 (c) expressly provides that a "notice of appeal from an order directing summary judgment . . . shall be deemed to specify a judgment upon said order entered after service of the notice of appeal and before entry of the order of the appellate court upon such appeal."

To the extent Supreme Court based its decision on plaintiff's failure to submit a response to defendants' statement of material facts, we elect to substitute our discretion for that of the motion court and decide the appeal on the merits (see generally Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). It is the policy preference of the courts of this State to decide cases on their merits, rather than on procedural technicalities (see e.g. U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 78 [2019]; Norex Petroleum Ltd. v Blavatnik, 23 NY3d 665, 679 [2014]; N.E. v Parkash 242, LLC, 238 AD3d 641, 642 [1st Dept 2025]).

[*2]

Nevertheless, defendants' motion for summary judgment was properly granted. Plaintiff testified inconsistently as to whether she knew where in the bowling lane she slipped. Assuming that she slipped in the approach to the bowling lane (as opposed to in the lane itself), she did not identify any condition in that area that caused her fall, beyond mere slipperiness. Although she alleged in her complaint and bills of particulars that her fall was caused by defendants' excessive oiling, waxing, or conditioning of the floor, which led to creation of a dangerous slippery condition, she produced no evidence to support that allegation. Thus, it is "just as likely that" her accident was "caused by some other factor, such as a misstep or loss of balance," rather than defendants' negligence in cleaning and maintaining the bowling alley, meaning that "any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation" (Scivoletti v New York Mercantile Exch., Inc., 38 AD3d 326, 327 [1st Dept 2007] [internal quotation marks omitted], lv denied 9 NY3d 802 [2007]; see also Acunia v New York City Dept. of Educ., 68 AD3d 631, 632 [1st Dept 2009]["the fact that a floor is slippery by reason of its smoothness or polish, in the absence of any proof of the negligent application of wax or polish, does not give rise to a cause of action, or even an inference of negligence"]).

In opposition to defendants' prima facie showing, plaintiff failed to raise an issue of fact.

We have considered the remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026