■ MARION FRANCHINI, Appellant, v AMERICAN LEGION POST, Respondent. [967 NYS2d 48]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered May 29, 2012, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when, after exiting a door of defendant's catering facility, she tripped over a single step that separated the area where the door was located from a patio. Defendant submitted evidence, both testimonial and photographic, demonstrating that the step was open and obvious and not inherently dangerous (see Remes v 513 W. 26th Realty, LLC, 73 AD3d 665, 666 [1st Dept 2010]).

Plaintiff's opposition failed to raise a triable issue of fact. The record fails to support plaintiff's argument that the concrete step created an optical confusion, since it was a different color than the tiled floor (see Langer v 116 Lexington Ave., Inc., 92 AD3d 597, 599-600 [1st Dept 2012]). Although there were people present attending a party, there was no evidence that their presence rendered the step dangerous (compare Cassone v State of New York, 85 AD3d 837 [2d Dept 2011]). Indeed, plaintiff testified that she did not see the step because she was looking straight ahead at a friend when she fell (see Outlaw v Citibank, N.A., 35 AD3d 564, 565 [2d Dept 2006]).

Plaintiff's reliance on the unsworn report of her expert is

unavailing. The expert failed to identify any applicable code, regulation or industry standards that were violated (*see Boatwright v New York City Tr. Auth.*, 304 AD2d 421 [1st Dept 2003]).

Plaintiff's argument that the stainless steel trough into which she fell created a dangerous condition is raised for the first time on appeal and therefore we decline to consider it (*see e.g. Bitter v Renzo*, 101 AD3d 465 [1st Dept 2012]). In any event, the trough did not cause the accident or present a foreseeable risk of harm (*see e.g. Shatz v Kutshers Country Club*, 247 AD2d 375 [2d Dept 1998]).

We have considered plaintiff's remaining arguments, including that defendant had notice of the allegedly defective condition of the step and trough, and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Richter and Clark, JJ.