Hall v New Way Remodeling, Inc. (2019 NY Slip Op 00669)





Hall v New Way Remodeling, Inc.


2019 NY Slip Op 00669


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


8258 300752/16

[*1]Carolyne A. Hall, as Attorney in Fact for Gillon R. Stephenson, Plaintiff-Appellant,
v
New Way Remodeling, Inc., Defendant-Respondent.


Peña & Kahn, PLLC, Bronx (Diane Welch Bando of counsel), for appellant.
Steven F. Goldstein, L.L.P., Carle Place (Steven F. Goldstein of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about November 2, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant, a contracting company that renovated a kitchen in plaintiff Gillon Stephenson's home, established entitlement to judgment as a matter of law in this action where Stephenson tripped and fell over a door saddle. Defendant submitted, inter alia, photographs and the testimony of its principal showing that the alleged defective condition created by the door saddle defendant installed between the kitchen and hallway involved a trivial height differential, and was not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]; McCullough v Riverbay Corp., 150 AD3d 624 [1st Dept 2017]). Defendant also showed that the alleged defect was open and obvious, and not inherently dangerous, by submitting photographs showing that the door saddle was readily observable (see Wachspress v Central Parking Sys. Of N.Y., Inc., 111 AD3d 499 [1st Dept 2013]).
In opposition, plaintiff failed to raise an issue of fact. The opinion of plaintiff's expert was speculative, and posited a theory of "optical confusion" that was contradicted by the expert's own photographs showing that the door saddle was a different color from the surrounding floor (see Franchini v American Legion Post, 107 AD3d 432 [1st Dept 2013]). The expert also relied on inapplicable standards, including those relevant to means of egress, which is defined as "a continuous and unobstructed way of travel from any point in a building or structure to a public way consisting of three separate and distinct parts: exit access, the exit, and the exit discharge" (see National Fire Protection Association No.
101, Life Safety Code 3.3.178 [2018]). The expert's assertion that a person could stumble over the saddle was insufficient to raise an issue as to whether it was a nontrivial defective condition (see Hutchinson at 77-78).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK