Namm v Levy (2019 NY Slip Op 03732)





Namm v Levy


2019 NY Slip Op 03732


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9301 15825/16

[*1]Florence Namm, Plaintiff-Appellant,
v
Diana Levy, et al., Defendants-Respondents, East 77th Realty LLC, et al., Defendants.


Zalman Schnurman & Miner, P.C., New York (Marc H. Miner of counsel), for appellant.
Goldberg Segalla LLP, Garden City (Brendan T. Fitzpatrick of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about October 1, 2018, which, inter alia, granted the motion of defendants Diana Levy and Todd Levy for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Summary judgment was properly granted in this action where plaintiff alleges that she was injured when, while walking from the living room in defendants' apartment to the balcony, she tripped and fell on the step leading to the balcony. The evidence shows that there were no prior accidents or complaints about the step before plaintiff fell, and she testified that she did not look down at the threshold between the living room and the balcony, which required her to step down onto the balcony's floor (see Remes v 513 W. 26th Realty, LLC, 73 AD3d 665 [1st Dept 2010]). The opinion of plaintiff's expert that the balcony's step caused her optical confusion before the accident is belied by the photographs in the record that show a metal threshold and step that are shiny and clearly visible due to the fact that they are a lighter shade of gray than the balcony floor (see Hall v New Way Remodeling, Inc., 168 AD3d 620 [1st Dept 2019]; Franchini v American Legion Post, 107 AD3d 432 [2013]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK