## Harrari v City of New York

2024 NY Slip Op 31331(U)

April 16, 2024

Supreme Court, New York County

Docket Number: Index No. 400037/2012

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. HASA A. KINGO

*Justice*

PART    05M

-------------------------------------------------------------------------------X

DAVID HARRARI,

Plaintiff,

- v -

THE CITY OF NEW YORK,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 400037/2012 |
| MOTION DATE | 07/31/2023, 09/27/2023 |
| MOTION SEQ. NO. | 001 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 46, 48, 49, 52, 56, 59

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 50, 51, 53, 54, 55, 57, 60

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following constitutes the decision and order of the court following oral argument before the court on April 16, 2024 at which counsel for Restani Construction Corp. ("Restani") defaulted:

## BACKGROUND AND ARGUMENTS

On or about August 10, 2011, plaintiff David Harrari ("Plaintiff") commenced this action by filing a summons and complaint in Kings County Supreme Court to recover damages for injuries allegedly incurred when the undercarriage of Plaintiff's vehicle struck a protruding manhole cover near the intersection of West 50th Street, between 5th and 6th Avenue. On or about September 2, 2020, defendant the City of New York (the "City") commenced a third-party action for indemnification against Restani. By order dated November 18, 2011, the action was transferred to this court, and the parties proceeded to discovery. Plaintiff filed a Note of Issue with jury demand on May 31, 2023.

On July 31, 2023, Restani filed a motion for summary judgment (Motion Sequence 001) to dismiss the third-party complaint as against it and dismiss Plaintiff's complaint as against the City. In support of the motion, Restani argues that the evidence establishes the roadway surface where the alleged accident occurred was open and obvious and not inherently dangerous, and the condition complained of was both open and obvious and readily observable by use of Plaintiff's senses. Restani further argues that, to the extent the third-party complaint seeks indemnification, the claim should be dismissed because the alleged accident did not result from Restani's milling

[* 1]

and related operations.[1] Finally, Restani argues that Plaintiff cannot meet the prior written notice requirement set forth in NYC Administrative Code § 7-201(c)(2). The City joins in support of Restani's third argument regarding notice and opposes that portion of the motion that seeks a determination regarding indemnification. Plaintiff's counsel was relieved during the pendency of the motion and Plaintiff has filed no opposition. Notwithstanding, at oral argument before the court on April 16, 2024, Plaintiff voiced opposition to Restani's motion by stating in a conclusory fashion, and without further elaboration, that the condition of the road was not open and obvious. Restani's counsel was not present at oral argument due to default, and therefore did not respond to Plaintiff's conclusory contention that the condition of the road was not open and obvious.

On September 27, 2023, the City filed a motion for summary judgment (Motion Sequence 002) seeking contractual indemnification from Restani. Restani opposes and argues primarily that the motion is moot because the complaint should be dismissed on other grounds as outlined in its motion for summary judgment, and in any event, the City is not entitled to indemnification because the accident did not result from Restani's work. Both Restani and the City agree that the third-party complaint should be dismissed as moot if the main action is dismissed. Plaintiff advanced no opposition at oral argument before the court on April 16, 2024 in response to the City's argument.

## DISCUSSION

To prevail on motions for summary judgment, the proponents must make prima facie showings of entitlement to judgment as a matter of law in their favor through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving parties have satisfied these standards, the burden shifts to the opponent to rebut that prima facie showings, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

While the issue whether a condition is a hazard or open and obvious is usually a question of fact, a court may determine the condition to be open and obvious "when the established facts compel that conclusion" as is the care where a condition is visible to one "reasonably using his or her senses" and therefore is not inherently dangerous (*Tagle v. Jakob*, 97 NY2d 165, 169 [2001]). Indeed, a court is not "precluded from granting summary judgment…on the ground that the condition complained of by the plaintiff was both open and obvious and, as a matter of law, was not inherently dangerous " (*Cupo v. Karfunkel*, 1 AD3d 48, 52 [2d Dept 2003]; *see also Brown v. Basics USA*, 3 AD3d 546 [2d Dept 2004] [mannequin on which plaintiff allegedly tripped was readily observable and not an inherently dangerous condition]; *compare Mauriello v. Port Auth. of N.Y. and N.J.*, 8 AD3d 200, 200 [1st Dept 2004][condition which is ordinarily apparent may be rendered a trap where condition is obscured or plaintiff's attention is otherwise distracted]).

Separately, pursuant to the Administrative Code of the City of New York § 7-201[c][2], known as the "Pothole Law," no action may be maintained against the City as a result of a defect in or obstruction to a sidewalk or roadway unless it had received written notice of the condition at

---

[1] Milling is the process of grinding off the tip layer of asphalt or surface of a roadway (Department of Transportation, https://www.nyc.gov/html/dot/html/motorist/resurfintro.shtml [last accessed April 15, 2024]).

**400037/2012   HARRARI, DAVID vs. CITY OF NEW YORK**
**Motion No.  001 002**

**Page 2 of 4**

least fifteen (15) days prior to the occurrence and failed to remedy it. The prior notice requirement is a condition precedent which must be pled and proven to maintain an action against the City (*Stone v City of New York*, 16 Misc 3d 1134(A) [Sup Ct 2007]; *Bruni v. City of New York*, 2 NY3d 319, 324 [2004]; *Min Whon Ock v. City of New York*, 34 AD3d 542, 542 [2d Dept 2006]; *Katz v. City of New York*, 87 NY2d 241, 243 [1995]). Such prior written notice provisions are to be strictly construed (*Katz*, 87 NY2d at 243, *supra*).

Here, defendants have made a prima facie showing favoring dismissal. With respect to Restani, there is no evidence that Restani created a dangerous condition in the performance of the milling on 50th Street between Fifth and Sixth Avenues that proximately caused plaintiff's accident. Instead, the evidence reveals that Restani completed its milling work t, which resulted in a rough, but clean, surface that was ramped in preparation for resurfacing by the City. Indeed, because of the milling performed by Restani on 50th Street between Fifth and Sixth Avenues, the surface of the roadway in the area of the accident, specifically the ramping around the manhole, was exactly as Restani was contractually obligated to make it and such work was accepted by the city inspectors. A clearly visible milled roadway surface with ramping is not an inherently dangerous condition, nor can Plaintiff establish that a milled roadway surface with ramping is inherently dangerous for vehicles to traverse, or that it was negligent for Restani to mill the surface of the roadway and ramp same, as it was contractually obligated to do so. Indeed, had the roadway not been ramped, it would have been inherently dangerous as there would have been a height differential between the top of the manhole cover and the milled roadway surface. Plaintiff has advanced no argument to the contrary to rebut Restani's prima facie showing.

In *Baynes v. City of New Yor*k, the Appellate Division, First Department, affirmed the dismissal of a complaint as against a company that milled the roadway where a plaintiff alleged that at the time of her accident, she was crossing a roadway utilizing a walker/shopping cart that became stuck in gravel as a result of the street having been recently milled, which left an irregular, striated surface (81 A.D3d 423, 423 [1st Dept 2011]). In affirming the trial court's order dismissing the complaint, the Appellate Division, First Department, noted that the record therein established that the presence of gravel was open and obvious and not inherently dangerous (*id*.). This is similar to the instant case, where the only altered condition of the roadway was the fact that the roadway was milled; the presence of temporary make safe asphalt around manhole covers as a result of the milled roads is likewise open and obvious and not inherently dangerous.

The issues herein are very similar to those addressed in *Guzman v. The City of New York and Carlo Lizza & Sons Paving, Inc.*, 2019 NY Slip Op. 32591(U) (Sept. 3, 2019) (Lebovitz, J.), where the court relied upon *Baynes* and held that the condition of a milled roadway on a New York City street was open and obvious and not inherently dangerous. In *Guzman*, the court noted that the plaintiff was injured in the daytime and was looking ahead while crossing a milled roadway, rather than watching her footing (id.). The court in Guzman held that "[w]hile plaintiff asserts that circumstances at the location where she fell raise an issue of fact, she failed to specifically identify them" (id.). The court in *Guzman* granted summary judgment to both the City of New York and its milling contractor (*id*.). As in *Guzman*, it is apparent here that Restani did not create any inherently dangerous condition that proximately caused the accident and the condition complained of (a milled roadway surface with ramping around a manhole cover as Restani was contractually obligated to do) was both open and obvious, not inherently dangerous and readily observable by

**400037/2012   HARRARI, DAVID vs. CITY OF NEW YORK**
**Motion No.  001 002**

**Page 3 of 4**

3 of 4

use of plaintiff's senses, particularly since it was day light and not night time, and since plaintiff admitted to seeing the condition at issue. Accordingly, Restani is entitled to judgment in its favor.

Likewise, the City has established the absence of prior written notice as a matter of law, and Plaintiff has not opposed that branch of the City's motion.

As Plaintiff failed has failed to raise a triable issue of fact, Restani and the City's motions are granted (*see Franchini v. American Legion Post*, 107 AD3d 432 [1st Dept 2013]).

Accordingly, the City and Restani's motions motion for summary judgment pursuant to CPLR § 3212(b) seeking orders dismissing Plaintiff's complaint in its entirety are granted (Motion Seq. 001); and it is further

ORDERED that dismissal of the instant action renders the third-party complaint moot, thereby necessitating its dismissal as well and the denial of Motion Seq. 002 as moot; and it is further

ORDERED that Motion Seq. 002 is denied as moot; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of the City and Restani, and dismissing this action and the third-party complaint in their entirety; and it is further

ORDERED that the City and Restani are directed to obtain a transcript of this court's decision and order no later than April 29, 2024 and split the cost. Once obtained, the transcript shall be sent to Part 5 with all parties copied so that entry of the court's reasoning spread on the record can be so-ordered and incorporated into official record of this proceeding.

This constitutes the decision and order of the court.

20240416140221HKINGOCA4F9046C8734E2482C16152F5C93F99

_____
**4/16/2024**
**DATE**                                                    HASA A. KINGO, J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

400037/2012   HARRARI, DAVID vs. CITY OF NEW YORK                    Page 4 of 4
Motion No.  001 002

[* 4]                                              4 of 4